UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 10, 2026

SEAN F. McAVOY, CLERK

| | |
|---|---|
| MATTHEW B., | No. 1:25-CV-03096-ACE |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION |
| v. | |
| FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY, | **ECF Nos. 16, 17** |
| Defendant. | |

**BEFORE THE COURT** is Plaintiff's Opening Brief and Defendant's Brief in response. ECF No. 16, 17. Plaintiff is proceeding *pro se*; Special Assistant United States Attorney Zachary Berkoff-Cane represents Defendant. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion and **DENIES** Plaintiff's Motion.

### JURISDICTION

Plaintiff filed an application for Disability Insurance Benefits in February 2023, alleging a disability onset date of September 1, 2021. Tr. 173. The application was denied initially and upon reconsideration. Administrative Law Judge (ALJ) Mark Triplett held a hearing on November 4, 2024, Tr. 35-64, and issued an unfavorable decision on April 1, 2025, Tr. 17-30. The Appeals Council denied Plaintiff's request for review on April 24, 2025, Tr. 2-5, making the ALJ's decision the Commissioner's final decision for purposes of judicial review, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on June 23, 2025. ECF No. 1.

ORDER - 1

## STANDARD OF REVIEW

The ALJ is tasked with "determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes

ORDER - 2

that a physical or mental impairment prevents the claimant from engaging in past relevant work.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show: (1) that Plaintiff can perform other substantial gainful activity; and (2) that a significant number of jobs exist in the national economy which Plaintiff can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1497-1498 (9th Cir. 1984); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).  If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### ADMINISTRATIVE FINDINGS

On April 1, 2025, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.  Tr. 17-30.

At step one, the ALJ found Plaintiff, who met the insured status requirements of the Social Security Act through June 30, 2026, had not engaged in substantial gainful activity since the alleged onset date, September 1, 2021.  Tr. 20.

At step two, the ALJ determined Plaintiff had the following severe impairments:  degenerative joint disease involving the left elbow and left knee, chronic bronchitis, posttraumatic stress disorder, and depressive disorder.  Tr. 21.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  Tr. 21-23.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform medium work, with the following limitations:

> [T]he claimant can occasionally climb ladders, ropes, and scaffolds. The claimant can frequently balance, stoop, kneel, crouch, and crawl. The claimant can tolerate occasional exposure to extreme cold, and to atmospheric conditions as defined in Selected Characteristics of Occupations. The claimant can tolerate occasional, superficial interaction with coworkers and supervisors, but he cannot engage in

ORDER - 3

> tasks that require teamwork or close collaboration with coworkers. The claimant can tolerate no direct, interactive contact with the general public. The claimant can tolerate occasional, routine changes to work routines and work processes. The claimant requires regular work breaks at 2-hour intervals. The claimant cannot engage in tasks that are highly time sensitive, such as assembly line work.

Tr. 23.

At step four, the ALJ found Plaintiff was unable to perform any past relevant work.  Tr. 28-29.

At step five, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that exist in significant numbers in the national economy, including the jobs of laundry worker and janitor.  Tr. 29-30.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date, September 1, 2021, through the date of the decision, April 1, 2025.  Tr. 30.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff argues the ALJ's decision should be reversed due to (1) an improper RFC assessment and (2) a failure to properly consider newly submitted evidence.  ECF No. 16 at 1.

## DISCUSSION

**A.    New Evidence**

Plaintiff asserts the ALJ erred by not evaluating medical evidence of the Walla Walla VA Hospital that was unavailable at the time of the hearing and appeal.  ECF No. 16 at 4-5.  Defendant responds that this new evidence, presented for the first time to this Court, is not material.  ECF No. 17 at 3-4.

ORDER - 4

This Court has jurisdiction to remand matters on appeal for consideration of newly discovered evidence. *Goerg v. Schweiker*, 643 F.2d 582, 584 (9th Cir. 1981); 42 U.S.C. § 405(g). Section 405(g) expressly provides for remand where new evidence is material and there is good cause for the failure to incorporate the evidence in a prior proceeding. *Burton v. Heckler*, 724 F.2d 1415, 1417 (9th Cir. 1984). To meet the materiality requirement, the new evidence must bear directly and substantially on the matter. *Id*. At a minimum, such evidence must be probative of mental or physical impairment. *Hall v. Secretary of Health and Human Services*, 602 F.2d 1372, 1377 (9th Cir. 1979). The good cause requirement is satisfied if the new information surfaces after the Commissioner's final decision and the claimant could not have obtained that evidence at the time of the administrative proceeding. *Booz v. Secretary of Health and Human Services*, 734 F.2d 1378, 1380 (9th Cir. 1984).

Plaintiff's new evidence consists of three "Office and Clinic Notes" from Willam B. Walker, PA-C, dated April 29, 2024, July 9, 2024, and September 17, 2025; a sleep study dated September 12, 2025; massage therapy referrals; and a Patient Care Summary from Trever Burnett, M.D., dated November 27, 2025. ECF No. 16 at 8-28. The materials that were produced after the ALJ's April 1, 2025 decision, which include the September 2025 notes of PA-C Walker, the sleep study and massage therapy referrals, and the Patient Care Summary from Dr. Burnett, are irrelevant to the extent that they do not address Plaintiff's medical status during the relevant period at issue in this action. *See e.g. Fair v. Bowen*, 885 F.2d 597, 600 (9th Cir. 1989). With respect to the two remaining reports, PA-C Walker's April 29, 2024 and July 9, 2024 Office and Clinic Notes, neither report specifies Plaintiff's functional limitations as a result of the noted symptoms. *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (a lack of specificity regarding functional limitations is a proper reason to discount a medical opinion). Moreover, Plaintiff has failed to identify any functional limitations specifically derived from

ORDER - 5

these records that were not already accounted for in the ALJ's RFC determination. *See Lockwood v. Comm'r of Soc. Sec. Admin.,* 616 F.3d 1068, 1071 (9th Cir. 2010). Consequently, the Court finds that Plaintiff has failed to demonstrate that the new evidence is material. Plaintiff is not entitled to remand on this issue.

**B.      Residual Functional Capacity Assessment**

Plaintiff contends the ALJ also erred because the RFC assessment did not accurately reflect Plaintiff's ability to perform work activities eight hours a day, five days a week or an equivalent work schedule. ECF No. 16 at 3-5.

Residual functional capacity is defined as "the most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1). In making an RFC determination, the ALJ considers Plaintiff's symptoms and the extent to which these symptoms can be reasonably accepted as consistent with the objective medical evidence and other evidence of record. The ALJ then utilizes this assessment to determine whether a claimant can still perform past relevant work (Step 4) or alternative available work as it is generally performed in the national economy (Step 5).

Here, the ALJ's RFC assessment found Plaintiff was restricted to the performance of a reduced range of medium exertion level work with several additional limitations. Tr. 23. The ALJ specifically indicated Plaintiff's restriction to medium work was consistent with Plaintiff's reported activity level[1] and with

---

[1]The ALJ noted Plaintiff's reported activity level included being able to perform self-care independently, ride a motorcycle, climb stairs, go running for 1.5 miles every other day, perform household chores and yard work, and coach baseball. Tr. 25. Regarding Plaintiff's reported coaching activity, the ALJ indicated Plaintiff stated in a work history report that in 2023 he was working as a coach for 6 hours per day, 6 days per week where he was walking for 3 hours per day, standing 3 hours per day, and supervising 3 people for 15 minutes per day; in another report, he stated he was working as a coach between 2021 and 2022 for 4

ORDER - 6

the objective medical evidence which showed intermittent signs of lumbar and thoracic tightness and tenderness, left elbow tenderness, and occasional difficulty breathing, Tr. 26; he accounted for Plaintiff's confirmed severe mental impairments with the non-exertional social, adaptation, and break restrictions contained in the RFC, Tr. 25; and he accounted for Plaintiff's hearing testimony of breathing difficulties and extreme fatigue by finding Plaintiff's "hearing testimony about fatigue supports a greater restriction on climbing and his testimony about his breathing issues supports a greater restriction on exposure to atmospheric conditions as stated in the residual functional capacity finding," Tr. 25-26.

The ALJ evaluated the medical and opinion evidence and based his RFC determination on the credible evidence of record. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (finding the ALJ's RFC need only include "limitations that the ALJ found credible and supported by substantial evidence"). Plaintiff fails to challenge the ALJ's specific analysis or the evidence supporting the ALJ's decision. *See* ECF No. 16. Instead, Plaintiff asserts the new evidence suggests Plaintiff would be off task frequently and require unscheduled breaks or miss work often. ECF No. 16 at 3-5. However, as determined in Section A, above, the new evidence is not material. *See supra*. Furthermore, while Plaintiff alleges a different interpretation, if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Court is required to uphold the ALJ's conclusion in this case. Therefore, Plaintiff is not entitled to remand on this issue as well.

///

---

hours per day, 6 days per week; and Plaintiff also testified he worked about 15 to 20 hours per week for approximately 4 months per year and 3 seasons total as a baseball coach. Tr. 24.

ORDER - 7

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error and is affirmed.  Accordingly, **IT IS HEREBY ORDERED:**

1.    Defendant's Motion to affirm, **ECF No. 17**, is **GRANTED**.

2.    Plaintiff's Motion to reverse, **ECF No. 16**, is **DENIED**.

**IT IS SO ORDERED**.  The District Court Executive shall file this Order and provide copies to counsel.  **Judgment shall be entered for Defendant and the file shall be CLOSED**.

DATED March 10, 2026.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 8